IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL DOCKET NO.: 5:06CR33-RLV
CIVIL DOCKET NO.: 5:11CV65-RLV

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| JEFFREY LYNN MYERS, | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court upon Defendant's (*pro se*) Notice of Appeal and (*pro se*) Motion to Extend Time to File Notice of Appeal, both filed March 27, 2014.

On December 18, 2013, the Court issued an Order granting partial relief to Defendant Myers pursuant to 28 U.S.C. § 2255. (Doc. 95). The Court granted Defendant's Motion to Vacate, Correct or Set Aside Conviction or Sentence (or "Motion to Vacate") in part by directing that Defendant be resentenced on Count 2sss to a term of thirty-six months.[1] Id. All other aspects of Defendant's conviction and sentence were unaffected and the total term of imprisonment remained 360 months. Id. The Court expressly declined to issue a Certificate of Appealability. (Doc. 95). On January 14, 2014, an Amended Judgment was entered in Defendant's criminal case correcting the term of imprisonment imposed as to Count 2sss. (Doc. 96).

Defendant expressly represents in his motion that he "wished to appeal the denial of his claims under 28 U.S.C. [§] 2255." (Motion, ¶ 3). For this reason, the Court construes

---

[1] The Court did not hold a resentencing hearing. Count 2sss and the offense of conviction (simple possession of a controlled substance) did not provide for the length of sentence originally imposed. The sentence on Count 2sss was vacated and reduced from 360 months to 36 months.

Defendant's filing as an appeal of the Court's December 18, 2013 Order in Civil No. 5:11CV65-RLV.[2]

Because Defendant Myers is appealing denial of relief in his habeas action, a civil matter in which the United States is a party, Rule 4(a)(1)(B)(i) of the Federal Rules of Appellate Procedure applies. Applying Rule 4(a)(1)(B)(i), Defendant had sixty days "after entry of the judgment or order appealed from" to file his Notice of Appeal. FED. R. APP. P. 4(a)(1)(B)(i). Due to the "hybrid" nature of the Court's decision in the habeas corpus proceeding, the appeal period did not commence until the Amended Judgment was docketed.[3] *See United States v. Hadden*, 475 F.3d 652, 664–65 (4th Cir. 2007) (citing *Andrews v. United States*, 373 U.S. 334, 340 (1963) (§ 2255 petition is not complete until the district court actually resentences the prisoner or corrects the prisoner's sentence)). Because the entry of the Amended Judgment in the criminal case served to make the Order denying relief in the civil case an appealable final order, *Hadden*, 475 F.3d at 660, Defendant's Notice of Appeal was due on or before March 17, 2014.[4]

---

[2] The Court distinguishes Myers' stated purpose here, namely, to challenge the denial of relief on the other issues raised within his Motion to Vacate, with a challenge as to the actual new sentence in his criminal case. If Myers sought to challenge the sentence as to Count 2sss, his appeal period would be governed by subsection (b) of Rule 4. *See* FED. R. APP. P. 4(b)(1)(A)(i).

[3] In *Hadden*, the Fourth Circuit held as a matter of first impression that "[b]ecause a § 2255 resentencing or correction of the prisoner's sentence [] bears traits of both a § 2255 proceeding and a criminal action, we conclude that an order entering the result of such a resentencing or an order correcting the prisoner's sentence is a hybrid order that is both part of the petitioner's § 2255 proceeding and part of his criminal case." *Hadden*, 475 F.3d at 660. Defendant claims he "was aware that he could not file his notice of appeal until the amended judgment was issued." (Motion, ¶ 3).

[4] Computation of time is governed by Rule 26 of the Federal Rules of Appellate Procedure. Under Rule 26(a)(1), when a period of time is stated in days:
    (A) exclude the day of the event that triggers the period;
    (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
    (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Defendant indicates that he did not receive notice of the Amended Judgment until his Federal BOP Case Manager inquired of this Court on March 21, 2014. (Motion, ¶¶ 4, 5). According to Defendant Myers, he prompted his Case Manager to follow up with the sentencing court when he was not served with a copy of the Amended Judgment within the expected time frame. (Motion, ¶ 4). Upon the BOP's request of the Clerk's Office, the Amended Judgment was electronically mailed to Myers' Case Manager. (Motion, ¶ 5). Defendant's filing reflects that it was postmarked the same day. (Motion, Exh. B). Defendant's Notice of Appeal will be treated as having been filed as of the postmark date of March 21, 2014. *See Houston v. Lack*, 487 U.S. 266 (1988) ("holding that prisoners' notices of appeal are 'filed' at the moment of delivery to prison authorities for forwarding to the district court."); FED. R. APP. P. 4(c)(1).

Defendant Myers' March 21, 2014 Notice of Appeal is filed after the sixty-day appeal period prescribed by FED. R. APP. P. 4(a)(1)(B)(i) expired. Pursuant to Rule 4(b)(4) of the Federal Rules of Appellate Procedure, "[u]pon a finding of excusable neglect or good cause, the district court may – before or after the time has expired, with or without motion and notice – extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." FED. R. APP. P. 4(b)(4) (2011). Applying Rule 4(b)(4) to the instant case, April 17, 2014, would have been the thirtieth day following March 17, 2014, the expiration of time for filing a notice of appeal. Because Defendant's original Notice of Appeal is deemed filed within the thirty-day permissible extension period, upon a finding of good cause or excusable neglect, it is within the Court's discretion to grant relief and treat

---

FED.R.APP. P. 26(a)(1)(2009). In his motion, Defendant claims that "[t]he 60 day period to appeal the judgment of January 14, 2014" expired March 15, 2014. (Motion, ¶ 6). It seems Defendant correctly excluded the day of the event that triggered the time period, or the day the Amended Judgment was entered on the docket (January 14, 2014) and included every other day. FED.R.APP. P. 26(a)(1)(A) and (B). However, because March 15, 2014 fell on a Saturday, "the period continues to run until the end of the next day that is not a Saturday . . . ." FED.R.APP. P. 26(a)(1)(C).

3

Defendant's Notice of Appeal as timely. *See United States v. Reyes*, 759 F.2d 351, 353 (4th Cir. 1985).

A finding of excusable neglect is based on "the danger of prejudice [to the opposing side], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993). "The most important of these factors is the untimely party's reason for delay." *United States v. Stewart*, No. 07–6463, 2007 WL 4561485 at *2 (4th Cir. 2007) (citing *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996)).

Just cause or good cause is defined as "a legally sufficient reason." Black's Law Dictionary (Bryan A. Garner, 9th ed. 2009). "[T]he determination whether good cause exists is one entrusted to the district court's discretion." *Giacomo–Tano v. Levine*, No. 98-2060, 1999 WL 976481 at *1 (4th Cir. 1999).

Here, the Defendant's failure to timely file his Notice of Appeal was beyond his control since neither Defendant nor the Bureau of Prisons had record of the Amended Judgment until March 21, 2014. When he was not served with a copy of the Amended Judgment, Defendant Myers was diligent in seeking the help of his BOP Case Manager. The Court finds that permitting the late appeal will have no significant bearing on these judicial proceedings and the danger of prejudice to the Government is slight. Finding that good cause or excusable neglect exists, the Court will treat Defendant's Notice of Appeal as timely-filed.

Although not relevant to timeliness, the Court has already held that a Certificate of Appealability would not issue as to the December 18, 2013 Order in Civil No. 5:11CV65-RLV.[5]

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Extend Time to File Notice of Appeal is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the Clerk of Court docket this Order in both the above-captioned civil and criminal cases and likewise forward a copy of the Order to the Fourth Circuit Court of Appeals.

Signed: April 25, 2014

Richard L. Voorhees
United States District Judge

---

[5] The *Hadden* panel discussed how its ruling would affect the requirement within 28 U.S.C. § 2253(c)(1)(B) that a habeas petitioner must obtain a Certificate of Appealability in order to seek appellate review of an unfavorable habeas decision and identified the following examples:

> [I]f the petitioner seeks to appeal the order by challenging the district court's decision *not to grant relief* on some of the claims in support of his § 2255 petition, he is appealing "the final order in a proceeding under § 2255" and must obtain a COA under § 2253. To the extent the order vacates the original sentence and enters a new criminal sentence, by contrast, the order is part of the prisoner's criminal case, and, accordingly, a prisoner's appeal of that aspect of the order is part of the petitioner's criminal case. For example, if the petitioner seeks to appeal the order by challenging *the relief granted* - i.e., whether the relief was "appropriate" under § 2255, whether the new sentence was in conformity with the Constitution or Sentencing Guidelines, etc. - he is appealing a new criminal sentence and therefore need not obtain a COA under §§ 3742(a) and 1291.

Id., at 559–60 (emphases in original and added). Jurisdiction was deemed proper in *Hadden* despite lack of Certificate of Appealability because the defendant sought to appeal "only the aspect of the Amended Judgment that is part of his criminal case." *Hadden*, 475 F.3d at 666.